**RACHAEL SWERNOFSKY**
Nevada Bar No. 15465
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111
rswernofsky@qslwm.com
*Counsel for Trans Union LLC*

**Designated Attorney for Personal Service**
Kurt Bonds, Esq.
Nevada Bar No. 6228
6605 Grand Montecito Parkway, Suite 200
Las Vegas, NV 89149

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA M. GENNA,<br><br>  Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, COLUMBIA DEBT RECOVERY LLC d/b/a GENESIS CREDIT, LLC, CAPITAL ONE BANK, KOHLS INC, and TD BANK USA,<br><br>  Defendants. | Case No. 2:22-cv-01429-GMN-EJY<br><br>**DEFENDANT TRANS UNION LLC'S MOTION TO STAY THE ACTION PENDING LIKELY TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Defendant Trans Union LLC ("TransUnion"), by and through undersigned counsel, respectfully requests that this Court stay the above-captioned matter pending a decision from the Judicial Panel on Multidistrict Litigation (the "Panel") on its Motion to Transfer Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (the "MDL Motion"). *See In re: Trans Union, LLC Balance After Discharge Litig.*, MDL No. 3058, ECF No. 1.  Staying all proceedings in this action will conserve this Court's and the Parties' resources, avoid

5972512.1

1

duplicative litigation, and prevent inconsistent rulings on issues that will arise repeatedly in these cases.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

This Action should be stayed because TransUnion filed its MDL Motion with the Panel on November 10, 2022. In its MDL Motion, TransUnion requested that the Panel transfer and assign to the United States Court for the Northern District of Illinois all pending and subsequently filed actions alleging that TransUnion generated a consumer report containing incorrect information about accounts discharged in bankruptcy. In the likely event that these actions are transferred and consolidated by the Panel, staying proceedings in this action will avoid duplicative litigation and inconsistent rulings.

### II.     PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 2, 2022. In her Complaint, Plaintiff alleges that she filed for bankruptcy and that her Capital One, Genesis Credit Management, Kohls Department Store, Nordstrom/TD Bank USA and TD Bank USA/Target Credit accounts (the "Accounts") were discharged through the bankruptcy. (Compl. at ¶ 44). She further claims that it was "incorrect, inaccurate, and misleading" for TransUnion to report the Accounts with balances owed. (*Id.* at ¶ 56). Plaintiff alleges that TransUnion's reporting of the Accounts is a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

In addition to this action, eight other nearly identical complaints were filed in four additional courts. Those actions are:

| | Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| 1. | **Plaintiff:**<br><br>Kirstie Moore<br><br><br>**Defendants:** | United States District Court for the District of Utah | 1:22-cv-00078 | The Honorable Bruce S. Jenkins |

5972512.1

2

| | Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| | Trans Union; Comenity Bank; Capital One Bank (USA), N.A. (terminated 9/7/2022); and Mountain America Credit Union (terminated 9/7/2022) | | | |
| 2. | **Plaintiffs:**<br><br>Erika Anderson; Richard Bagnate; Kamaliha Brewster; Craig Peters; Eduardo Wade; Lara Williams; and John Pipes (terminated 10/27/2022)<br><br>**Defendant:**<br><br>Trans Union, LLC | United States District Court for the District of Nevada | 2:22-cv-01214 | The Honorable Gloria M. Navarro |
| 3. | **Plaintiff:**<br><br>Jason Loughton<br><br>**Defendant:**<br><br>Trans Union, LLC | United States District Court for the District of Nevada | 2:22-cv-01076 | The Honorable Anne R. Traum |
| 4. | **Plaintiff:**<br><br>Nataline Scallion<br><br>**Defendant:**<br><br>Trans Union, LLC; and Wells Fargo Bank, N.A. (terminated 10/25/2022) | United States District Court for the District of Nevada | 2:22-cv-01382 | The Honorable Andrew P. Gordon |

5972512.1

3

|    | **Case Caption** | **Court** | **Civil Action No.** | **Judge** |
|----|---|---|---|---|
| 5. | **Plaintiff:**<br><br>Jessica Gray<br><br>**Defendant:**<br><br>Trans Union, LLC | United States District Court for the Southern District of California | 3:22-cv-01330 | The Honorable Anthony J. Battaglia |
| 6. | **Plaintiff:**<br><br>Natalie Hansen<br><br>**Defendants:**<br><br>Trans Union; Capital One Bank (USA); and KIN d/b/a Kohls and Kohls Department Stores (terminated 11/2/2022) | United States District Court for the District of Utah | 1:22-cv-00124 | The Honorable Jared C. Bennett |
| 7. | **Plaintiff:**<br><br>Kuuleialohaonalani Elizabeth Salzer<br><br>**Defendant:**<br><br>Trans Union LLC | United States District Court for the District of Hawaii | 1:22-cv-00420 | The Honorable Derrick K. Watson |
| 8. | **Plaintiff:**<br><br>Francis Wooters<br><br>**Defendants:**<br><br>Experian Information Solutions, Inc.; Trans Union, LLC; Innovis | United States District Court for the District of Nevada | 2:22-cv-01691 | The Honorable Cristina D. Silva |

5972512.1

4

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Data Solutions, Inc.; Bank Of America, N.A.; Marlette Funding, LLC d/b/a Best Egg (terminated 11/3/2022); Capital One Bank (USA) N.A.; First National Bank of Omaha; JPMorgan Chase Bank, N.A.; HSBC Bank USA, N.A. (terminated 10/25/2022); and Synchrony Financial d/b/a SYNCB/Car Care Pep Boys (terminated 11/2/2022) | | | |

In each of these actions, plaintiffs asserted substantively identical claims against TransUnion, alleging that it violated the FCRA because TransUnion purportedly generated consumer reports containing incorrect information about accounts discharged in bankruptcy. Based on this overlap, TransUnion filed its MDL Motion to Transfer the Actions with the Panel on November 10, 2022. The Panel has ordered that any responses be filed by December 5, 2022 and that any replies be field by December 12, 2022.

### III.   LEGAL ARGUMENT

Courts have "broad discretion to stay cases, provided that the length of the stay is reasonable and accounts for the competing interests of the parties." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending

5972512.1

5

resolution of independent proceedings which bear upon the case."). The party moving for the stay bears the burden of proving that a stay is appropriate. *See id.*, at 255.

This Court, and others across the country, routinely exercise their inherent power to stay cases pending decisions by the Panel on motions to consolidate and transfer. *See, e.g., Terway v. Syngenta Seeds, LLC*, 2016 WL 4435745, at *1 (D. Nev. Aug. 19, 2016) ("Courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case."); *Hernandez v. ASNI, Inc.*, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015) (same); *Morrison v. Teva Branded Pharm. Prod. R&D, Inc.*, 2022 WL 10756847, at *1 (S.D. Cal. Oct. 18, 2022) (same); *Tench v. Jackson Nat. Life Ins. Co.*, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("[S]tays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the Panel because of the judicial resources that are conserved"); *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011) ("Stays of a civil actions are common when the issue of transfer is before the JPML."). A stay pending the Panel's consolidation and transfer decision serves the primary purpose of the multidistrict litigation device, which is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings…and conserve the resources of the parties, their counsel, and the judiciary." *In re Cal. Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001).

Courts consider three factors in deciding whether to stay proceedings: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are later consolidated in an MDL; (2) any potential prejudice to the non-moving party; and (3) the hardship and inequity to the moving party if the action is not stayed. *Terway,* WL 4435745, at *1. All three factors weigh heavily in favor of a stay here.

A.    **Staying this Case Best Serves the Interest of Judicial Economy**

Granting a temporary stay of proceedings in this case will promote judicial economy. Granting a motion to stay proceedings pending a decision by the JPML is a practice courts

6

5972512.1

routinely follow because of the judicial resources that are saved. *Brooks v. Bristol-Myers Squibb Co.*, 2018 WL 6327002, at *2 (D. Nev. Dec. 4, 2018) ("A stay will promote efficiency and judicial economy."); *Tobler v. DePuy Orthopaedics, Inc.*, 2012 WL 3598291, at *2 (D. Nev. Aug. 17, 2012) ("Granting a stay of proceedings pending transfer to MDL 2197 promotes judicial efficiency and consistent adjudication in cases like this one."); *Foley v. Bristol–Myers Squibb Co.*, 2016 WL 4718953, at *2 (D. Nev. Sept. 9, 2016) ("[I]t is within the Court's discretion to grant a stay, particularly if doing so would serve the interests of judicial economy and efficiency."); *see also, Little v. McKesson Corp.*, 2016 WL 8668899, at *2 (S.D. Cal. Dec. 16, 2016) ("Where an MDL is being considered or a transfer pending, a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings ... because of the judicial resources that are conserved."). In addition, a stay also prevents the possibility that conflicting rulings are issued by this Court and the transferee court. *Terway*, 2016 WL 4435745, at *2 ("The risk of inconsistent rulings and duplicative litigation warrants granting Defendants' Motion to Stay"); *see also*, *Foley*, 2016 WL 4718953, at *4 ("Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed.") (citation omitted).

The explicit purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common issues in a "just and efficient" manner. 28 U.S.C. § 1407(a). Granting a stay pending the Panel's decision will that purpose. *Hernandez*, 2015 WL 3932415, at *1 ("MDLs are created to centralize litigation in order to eliminate duplicative discovery, prevent inconsistent or repetitive rulings, and conserve the resources of the parties, their counsel, and the judiciary."); *Mangani v. Merck & Co.,* 2006 WL 2707459, *1 (D. Nev. Sept. 19, 2006) (same); *see also, Hernandez*, 2015 WL 3932415, at *1 ("[T]he Court finds that resources would be saved by avoiding the above duplicative litigation."); *Pate v. DePuy Orthopaedics, Inc.*, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) ("A stay pending an MDL transfer order will avoid duplicative discovery and pretrial management efforts.").

5972512.1

7

In addition, as noted above, absent a stay, there is a danger of inconsistent rulings between this Court and the MDL court. *Terway*, 2016 WL 4435745, at *2 ("The risk of inconsistent rulings and duplicative litigation warrants granting Defendants' Motion to Stay"); *Hernandez*, 2015 WL 3932415, at *1 ("MDLs are created to centralize litigation in order to eliminate duplicative discovery, prevent inconsistent or repetitive rulings, and conserve the resources of the parties, their counsel, and the judiciary."); *Mangani,* 2006 WL 2707459, *1 (same); *Foley*, 2016 WL 4718953, at *4 ("Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed.") (citation omitted).  By contrast, staying this action will conserve this Court's resources and prevent duplicative discovery and pretrial management efforts. *See Hernandez*, 2015 WL 3932415, at *1 ("[D]enying its request to stay proceedings would result in duplicative litigation in multiple courts."); *Pate*, 2012 WL 3532780, at *2 ("[D]enying Defendants' Motion would result in . . . additional discovery or motion practice, the result of which could create duplicative and potentially inconsistent obligations.").

TransUnion is seeking the transfer and coordination or consolidation of nine actions, including this Action, as well as any subsequently filed actions.  To promote efficiency, this Court should stay this action so that all of the actions may be litigated jointly if the MDL Motion is granted.  Doing so will enable the court that oversees the multidistrict litigation to effectively control its disposition without competing deadlines or discovery phases.

### B. Staying this Case Pending the Panel's Decision Will Not Prejudice Plaintiff

Because discovery has only just begun, the brief stay TransUnion seeks will not create any significant prejudice or other harm to Plaintiff.  *F.I.M. v. U.S. Dep't of the Interior*, 2015 WL 2165274, at *2 (D. Nev. May 7, 2015) ("Any potential prejudice to Plaintiffs from the stay and commensurate delay in discovery would be minimal in light of the stay's short duration."); *Brooks*, 2018 WL 6327002, at *2 ("Any potential hardship or prejudice to Plaintiffs will be . . . in light of the brief duration of the stay until the Panel determines whether to transfer this case to the MDL.")

To the extent that Plaintiff may be able to demonstrate any prejudice, that prejudice is outweighed by the competing interests of judicial economy.  A brief, limited delay is plainly

8

5972512.1

outweighed by the benefits both parties and the courts would receive from coordinated discovery and motion practice in the MDL proceeding. *Terway*, 2016 WL 4435745, at *2 ("Although Plaintiff [ ] may be briefly delayed as a result of the stay, the interest in efficiency and uniformity outweighs the potential prejudice of a delay in these circumstances."); *see also, Lopez v. Tyson Foods, Inc.*, 2008 WL 4186242, at *2 (D. Neb. Sept. 8, 2008) (granting stay because plaintiffs would not "suffer any prejudice by a brief stay," but defendants, "in contrast," would be prejudiced by "additional discovery or motion practice" that could "create duplicative and potentially inconsistent obligations"); *Toppins v. 3M Co.*, 2006 WL 12993, at *2, at *4 (E.D. Mo. Jan. 3, 2006) ("[A]lthough Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh [] judicial efficiency concerns.").

### C. Absent a Stay TransUnion Would Suffer Prejudice From Duplicative Litigation and Risk Inconsistent Rulings.

Without a stay, TransUnion will be required to litigate issues in this Court that may then be re-litigated in the MDL court; this will result in a burden to TransUnion in addition to the risk of inconsistent rulings. *Terway*, 2016 WL 4435745, at *2 ("The risk of inconsistent rulings and duplicative litigation warrants granting Defendants' Motion to Stay."); *Pate*, 2012 WL 3532780, at *2 ("Therefore, denying Defendants' Motion would result in significant prejudice to Defendants because they would have to endure additional discovery or motion practice, the result of which could create duplicative and potentially inconsistent obligations."); *see also, Lopez*, 2008 WL 4186242 at *2 ("[A]ny additional discovery or motion practice will create duplicative and potentially inconsistent obligations for the defendant."). The burden of duplicative discovery and litigation weighs heavily in favor of staying proceedings pending transfer.

Without a stay, not only is there a likelihood of a burden to TransUnion but there is also a likelihood of conflicting rulings throughout the similar actions. This cuts against the very purpose of the MDL procedure, which was established, in part, to avoid inconsistency and duplication with respect to the Parties' litigation burden. *See Hernandez*, 2015 WL 3932415, at *1 ("MDLs are created to centralize litigation in order to eliminate duplicative discovery, prevent inconsistent or

9

5972512.1

1  repetitive rulings, and conserve the resources of the parties, their counsel, and the judiciary.");
2  *Mangani*, 2006 WL 2707459, *1 (same); *Glaser*, 2012 WL 3542380, at *2 ("Therefore, denying
3  Defendants' Motion would result in significant prejudice to Defendants because they would have
4  to endure additional discovery or motion practice, the result of which could create duplicative and
5  potentially inconsistent obligations."); *F.I.M.*, 2015 WL 2165274, at *2 ("A stay would also avoid
6  potential duplicative rulings on the parties' anticipated discovery disputes."); *see also, Lopez*, 2008
7  WL 4186242 at *2 ("[A]ny additional discovery or motion practice will create duplicative and
8  potentially inconsistent obligations for the defendant."); *Pace v. Merck & Co., Inc.*, 2005 WL
9  6125457, at *2 (D.N.M. Jan 10, 2005) ("[Defendant] faces a significant risk of duplicative motion
10 practice and redundant discovery proceedings absent a stay."); *Emerson v. Lincoln Elec. Holdings,*
11 *Inc.*, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) ("[T]he potential for duplicative motion
12 practice and discovery proceedings demonstrate that judicial economy and prejudice to the
13 defendant weight heavily in favor of [a] stay.").

14    Simply put, the prejudice to TransUnion without a stay – including the waste of judicial
15 economy and the risk of duplicative discovery and inconsistent rulings – far outweighs the
16 possibility of any minimal prejudice to Plaintiff. *Wiedeman v. DePuy Orthopaedics, Inc.*, 2012
17 WL 3536686, at *3 (D. Nev. Aug. 14, 2012) ("The delay Plaintiff will suffer by waiting on the
18 MDL panel's decision regarding a final transfer order is outweighed by the burden of duplicative
19 discovery and the possibility of inconsistent judgments Defendants could suffer if this case is not
20 stayed."); *Terway*, 2016 WL 4435745, at *2 ("[T]he interest in efficiency and uniformity
21 outweighs the potential prejudice of a delay in these circumstances."); *see also, Yearwood v.*
22 *Johnson & Johnson*, 2012 WL 2520865, at *3 (D. Md. June 27, 2012) ("the possibility of a slight
23 delay for the Plaintiffs is far outweighed by the possible prejudice faced by the Defendants if this
24 case is not stayed ... If this Court denies the stay, it would potentially subject Defendant[s] to the
25 significant burden of duplicative litigation."); *Walker v. Merck & Co., Inc.*, 2005 WL 1565839, at
26 *2 (S.D. Ill. June 22, 2005) ("While Plaintiffs might well be subject to some delay as a result of
27 the issuance of a stay, that prejudice does not outweigh the judicial economy interests.").

28

5972512.1

10


## IV. CONCLUSION

For all the foregoing reasons, TransUnion respectfully requests that this Court stay all further proceedings in this case pending a decision from the Panel on the MDL Motion.

Dated this 14th day of December 2022.

                                                                                                                                               **QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**

*/s/ Rachael Swernofsky*
Rachael Swernofsky
Nevada Bar No. 15465
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 871-2100
(214) 871-2111 Fax
rswernofsky@qslwm.com
**Counsel for Trans Union LLC**

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December 2022, I filed **DEFENDANT TRANS UNION LLC'S MOTION TO STAY THE ACTION PENDING LIKELY TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

David H. Krieger
dkrieger@kriegerlawgroup.com
Shawn Wayne Miller
smiller@kriegerlawgroup.com
Krieger Law Group, LLC
5502 S. Fort Apache Road, Suite 200
Las Vegas, Nevada 89148
(702) 848-3855
and
Miles N. Clark
miles@milesclarklaw.com
Law Offices of Miles N. Clark, LLC
5510 S. Fort Apache Road, Suite 30
Las Vegas, NV 89148-7700
(702) 856-7430
(702) 447-8048 Fax
***Counsel for Plaintiff***

Gia Marina
gmarina@clarkhill.com
Clark Hill
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
(702) 862-8300
(702) 862-8400 Fax
***Counsel for Equifax Information Services, LLC***
Loren S. Young
lyoung@lgclawoffice.com
Lincoln, Gustafson & Cercos
3960 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
(702) 257-1997
and
Brian Melendez
brian.melendez@btlaw.com
Barnes & Thornburg LLP
225 South Sixth Street, Suite 2800
Minneapolis, MN 55402
(612) 367-8734
(612) 333-6798 Fax
***Counsel for TD Bank USA***

        */s/ Rachael Swernofsky*
        **RACHAEL SWERNOFSKY**

5972512.1

12