# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALICIA M. GENNA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-01429-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| TRANS UNION, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Stay the Action Pending Likely Transfer by the Judicial Panel on Multidistrict Litigation ("MTS"), (ECF No. 35), filed by Defendant Trans Union, LLC ("TransUnion"). Plaintiff Alicia M. Genna ("Plaintiff") filed a Response, (ECF No. 37), and TransUnion filed a Reply, (ECF No. 38).

For the reasons discussed below, the Court **DENIES** TransUnion's MTS.

## I.   BACKGROUND

Plaintiff filed this action on September 2, 2022, alleging that TransUnion, a consumer reporting agency, violated the Fair Credit Reporting Act ("FCRA") by falsely reporting incorrect, inaccurate, or misleading information on its credit reports after Plaintiff's debts had been discharged in bankruptcy.[1] (Compl. ¶¶ 11–12, 45–59, ECF No. 1). On November 10, 2022, TransUnion filed a Motion (the "MDL Motion") to Transfer Actions with the Judicial Panel on Multidistrict Litigation (the "Panel"), requesting that the Panel transfer and assign to the Northern District of Illinois all pending and subsequently filed actions alleging that TransUnion generated a consumer report containing incorrect information about accounts

---

[1] Plaintiff also alleged FCRA violations against several co-Defendants, (*see generally* Compl.), some of which have been terminated, (*see* Notices of Voluntary Dismissal, ECF Nos. 17, 24, 34). The impetus for TransUnion's MTS, its pending MDL Motion, concerns only Defendant TransUnion, and none of the other Defendants joined the instant MTS.

1   discharged in bankruptcy. (MTS 2:5–11).  TransUnion now moves to stay the action until the

2   Panel decides whether the action will be transferred to Illinois. (*See* MTS, ECF No. 35).

## II.   <u>LEGAL STANDARD</u>

4       The Court has the discretion "to stay proceedings in its own court." *Lockyer v. Mirant*

5   *Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S.

6   248, 254 (1936)).  When deciding whether to issue a stay, the court must weigh competing

7   interests including: (1) "the possible damage which may result from the granting of a stay;"

8   (2) "the hardship or inequity which a party may suffer in being required to go forward;" and

9   (3) "the orderly course of justice measured in terms of the simplifying or complicating of

10  issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*

11  *v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55) (the "*Landis*

12  factors").  "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*,

13  520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## III.   <u>DISCUSSION</u>

15      TransUnion moves to stay the entire action, (MTS 1:21–2:1), and Plaintiff opposes a

16  stay, (*see generally* Resp., ECF No. 37).[2]  The Court notes at the outset that "a majority of

17  courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while

18  a motion to transfer and consolidate is pending with the MDL Panel because of the judicial

19  resources that are conserved," *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal.

20  1997), including courts in this District, *see, e.g.*, *Hernandez v. ASNI, Inc.*, No. 2:15-cv-00078-

21  LDG, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015); *Flores v. Merck & Co.*, No. 3:21-cv-

22  00166-ART-CLB, 2022 WL 4281427, at *1 (D. Nev. June 13, 2022).  But an action "is not

---

[2] In her Response, Plaintiff argues that TransUnion's MTS fails procedurally because TransUnion did not comply with the meet-and-confer guidelines set forth in this District's Local Rules. LR 26-6(c). (Resp. 2:16–23). Although Plaintiff correctly notes that if granted, the MTS would also stay discovery proceedings, the instant motion is not a discovery motion subject to LR 26.  Accordingly, the Court decides the MTS on the merits.

1  automatically stayed upon the filing of the MDL Motion," and it remains within the Court's

2  discretion whether to grant a stay. *Foley v. Bristol–Myers Squibb Co.*, No. 2:16-cv-01596-

3  APG-VCF, 2016 WL 4718953, at *2 (D. Nev. Sept. 9, 2016).

4        Upon review of the *Landis* factors, the Court does not find the requested stay warranted.

5  TransUnion argues that its requested stay best serves the interest of judicial economy, (MTS

6  6:25–8:18), and would not prejudice Plaintiff, (*id.* 8:19–9:20). Specifically, TransUnion

7  contends that a "brief, limited delay is plainly outweighed by the benefits both parties and the

8  courts would receive from coordinated discovery and motion practice in the MDL proceeding."

9  (*Id.* 8:27–9:2). TransUnion further argues that it will suffer hardship if the requested stay is not

10  granted. (*Id.* 9:11–10:2).

11        The Court disagrees with TransUnion. First, even if for a short duration, a stay of the

12  entire case is hardly limited. TransUnion is not the only defendant in this case; although

13  Plaintiff has voluntarily dismissed her claims against several of TransUnion's co-Defendants, at

14  least one co-Defendant remains active. Plaintiff, co-Defendants, and the Court need not halt all

15  proceedings because *one* defendant *may* have the claims against it consolidated and transferred

16  to multidistrict litigation. Second, a stay of the entire case is unnecessary. If a danger of

17  inconsistent rulings or duplicative discovery arises, TransUnion may file a narrowly tailored

18  motion to stay discovery. Third, the Panel will hear oral arguments on the MDL Motion later

19  this month. (MDL No. 3058, ECF No. 59) (setting panel hearing for January 26, 2023).

20  Although some courts have found that a short timeframe for an MDL hearing militates in favor

21  of staying proceedings pending resolution of an MDL motion, *see Hernandez*, 2015 WL

22  3932415, at *1, the imminent hearing also demonstrates little need for a stay. The Panel will

23  likely resolve the MDL Motion before TransUnion is subjected to much of the prejudice it

24  claims it will face in this case. The Court finds that TransUnion has failed to establish its need

25  for a stay of the entire case. Accordingly, the Court DENIES the TransUnion's MTS.

IV.    **CONCLUSION**

　　**IT IS HEREBY ORDERED** that TransUnion's Motion to Stay the Action Pending Likely Transfer by the Judicial Panel on Multidistrict Litigation, (ECF No. 35), is **DENIED**.

　　**DATED** this __12__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT